IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NUE CHEER FRANKLIN, as Administratrix of the Estate of Elnoria Franklin, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:10-cv-123-MHT |
| GARDEN STATE LIFE INSURANCE *et al.*, | ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 2, filed February 23, 2010). Pending before the Court are several motions including Plaintiffs' *Motion to Amend Complaint* (Doc. 12, filed March 10, 2010), *Defendant American National Insurance Company's Motion to Dismiss* (Docs. 13-14, filed March 22, 2010), *Defendant Peggy Chinn's Motion to Dismiss* (Docs. 15-16, filed March 22, 2010), *Defendant American National Insurance Company's Amended Motion to Dismiss* (Docs. 23-24, filed March 29, 2010), *Defendant Peggy Chinn's Amended Motion to Dismiss* (Docs. 25-26, filed March 29, 2010), and Plaintiffs' *Notice of Error and Motion to Strike Order* (Doc. 28, filed March 30, 2010). For good cause, it is the recommendation of the Magistrate Judge to grant the motion to amend, grant the motions to dismiss, and deny

the motion to strike.

## I. PARTIES AND COMPLAINT

Plaintiff, Nue Cheer Franklin ("N.C. Franklin"), is a resident of Montgomery, Alabama, which is within the Middle District of Alabama. She seeks to bring suit as the administratrix of the Estate of Elnoria Franklin ("the Estate"). Plaintiff Gladys Franklin ("G. Franklin"), also a resident of Montgomery, AL, brings suit as the Alternate Administratrix of the Estate of Elnoria Franklin and seeks to amend the complaint to bring suit individually as well.[1] The two defendants that have appeared are American National Insurance Company ("ANICO") and Peggy Chinn ("Chinn"). The remaining defendants have not yet been properly served.

On February 16, 2010, Plaintiffs initiated this action by filing a Complaint. *See* Doc. 1. The complaints factually relates to a previous action filed in this Court. *See Franklin v. Garden States Life Ins.*, Civ. Act. No. 2:09-cv-109-MHT (M.D. Ala. 2009) (hereinafter "Franklin 1 case"). Plaintiff N.C. Franklin originally filed her complaint in the Franklin 1 case to include claims on behalf of the Estate. However, the claims on behalf of the Estate were dismissed without prejudice because the will had not yet been probated nor was N.C. Franklin appointed Administratrix of the Estate. *See* Docs. 29 and 55 in Franklin 1 case.

---

[1] Currently the Plaintiffs are N.C. Franklin as Administratrix of "The Estate of Elnoria Franklin" and G. Franklin as Alternate Administratrix of the Estate. As explained below, Plaintiffs now seek to amend the complaint to change the Plaintiffs to N.C. Franklin as Administratrix of "The Estate of Elnoria Franklin" and G. Franklin as Alternate Administratrix of the Estate and individually.

N.C Franklin now seeks to renew those claims as well as claims against additional defendants. *See* Doc. 1 in present suit. She provides evidence of the probate process in the form of Letters Testamentary. *See* Doc. 1, Exhibit 1. G. Franklin seeks to bring suit as the Alternate Administratrix of the Estate and individually. *Id*.; Doc. 12.

Plaintiffs aver Defendants failed to pay out the life insurance benefits upon the death of Elnoria Franklin. *See* Doc. 12. They assert specific claims for bad faith denial, negligence, gross negligence, and fraud. *Id*. Plaintiffs seek compensatory and punitive damages in the sum of $3,000,000 plus interest, court costs, and other fees. *Id*. The Court instructed Plaintiffs that they could not proceed *pro se* on behalf of the Estate and ordered them to find counsel on or before March 26, 2010. *See* Doc. 6. Instead of finding counsel, Plaintiffs filed a response wherein they argued they could proceed *pro se*. *See* Doc. 11.

Defendants ANICO and Chinn filed their respective motions to dismiss. *See* Docs. 13-16. Both defendants assert N.C. Franklin and G. Franklin cannot proceed *pro se* on behalf of the Estate and also failure to state a claim for which relief could be granted. *Id*. Specifically, Defendants assert that it would constitute unauthorized practice of law for N.C. Franklin and G. Franklin to represent the Estate especially since there is a creditor against the Estate. *Id*. Chinn further asserts that she has not been properly served. *See* Docs. 15-16. Both Defendants filed supplements to their motions to dismiss wherein they state Plaintiffs failed to obey this Court's order to obtain counsel. *See* Docs. 23-26. Defendants also aver that G. Franklin lacks standing to pursue her claims. *Id*. Plaintiffs filed their response

wherein they state there is no such creditor against the Estate because it is really a creditor against N.C. Franklin. *See* Doc. 29. Additionally, without citing support, they argue their claims for negligence, fraud and breach of contract are all actionable. *Id*. Plaintiffs also filed a supplemental response which addresses the failure to obtain counsel by claiming that their response was sufficient to overcome the Court's order. *See* Doc. 32. G. Franklin also states that she has standing to bring suit as the alternate personal representative. *Id*. Both responses make conclusory statements and are minimalistic in their legal support. Defendants filed replies wherein they reiterate that Plaintiffs cannot proceed *pro se* on behalf of the Estate because the creditor filed a claim against the Estate and future creditors may appear. *See* Docs. 35-36. They also reiterate their request for dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim.

Finally, Defendants also responded to Plaintiffs' Motion to Amend the Complaint. *See* Docs. 12 and 31. In the response, Defendants state G. Franklin lacks standing to assert claims as an individual because she is not the owner or beneficiary of the insurance policy at issue. These various issues are now ripe for review by this Court.

## II.  STANDARD OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of*

*Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Igbal*, — U.S. — , — , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.). In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)). In other words, in deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v.*

*Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[2]

Thus, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558, 127 S.Ct. at 1966. Further, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. It is not enough that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id*. at 1968 (internal quotation and alteration omitted). That said, a complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts. *Twombly*, 550 U.S. at 555-56, 127 S.Ct. at 1965-66. Consequently, the threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

### III. DISCUSSION AND ANALYSIS

Before moving the motions to dismiss, the Court will first address Plaintiffs' motion to amend (Doc. 12) and the Notice of Error and Motion to Strike Order (Doc. 28). The Court determines the motion to amend should be granted. However, there is no need to strike the show cause order as requested by Plaintiffs. Therefore the motion to strike order should be denied. The Court now turns to the motions to dismiss.

#### A. Claims on Behalf of the Estate

The Court already warned Plaintiffs about their *pro se* status. *See* Doc. 6. Nothing under § 1654 or FED. R. CIV. P. 17(c) permits them to proceed *pro se* on behalf of the Estate. *Cf. Reshard v. Britt*, 839 F.2d 1499 (11th Cir.1988) (en banc) (evenly split panel affirming district court's ruling disqualifying the deceased's estate representatives from proceeding *pro se* in a wrongful death suit); *see also Pogue v. Bradley*, No. 04-10430, slip op. (11th Cir. July 30, 2004) (per curium) (affirming this Court's dismissal of *pro se* complaint on behalf of an estate because administrator plaintiff could not proceed without counsel); *United States v. Falcone*, 2009 WL 199399, *1 (M.D. Fla. 2009) (Executrix for Estate could not proceed *pro se* on behalf of the Estate). The Court has diversity jurisdiction, therefore the Court must apply Alabama substantive law and federal procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Court still notes that even under Alabama law, a plaintiff may not file a complaint on behalf of anyone else, even an estate of which he is the executor. *Godwin v. State ex rel. McKnight*, 784 So.2d 1014, 1015 (Ala. 2000).

Plaintiff attempt to rely on the decisions which interpret § 1654 as prohibiting a non-attorney administrator of an estate from proceeding *pro se* when there are other beneficiaries or creditors of the estate. *See, e.g., Jones ex rel. Jones v. Correctional Medical Services, Inc.*, 401 F.3d 963, 970 (8th Cir.2005); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir.2002); *Prigden v. Andresen*, 113 F.3d 391, 393 (2d. Cir.1997). In other words, Plaintiffs infer that if they assert there are no creditors or other beneficiaries, they may proceed *pro se*. Even applying thatt rationale, Plaintiffs still cannot proceed *pro se* because there is at least one creditor against the Estate and the potential for others. Defendants properly note that funeral expenses incurred are debts against the Estate even if paid by a friend or relative. *See Douglas v. King*, 889 So.2d 534, 537-39 (Ala. 2004) (holding that funeral expenses paid by intestate decedent's brother were debts of the estate although paid after the decedent's death). In addition, it is clear that on February 12, 2010, Ross-Clayton Funeral Home filed a claim against the Estate in the Montgomery County Probate Court for $1,821.00. *See* Doc. 14, Exhibit 1. It is for the Alabama Probate Court to decide whether or not Ross-Clayton is a proper creditor of the Estate and this Court has neither the jurisdiction nor the inclination to interfere. Finally, creditors of the Estate may file claims as late as August 10, 2010 therefore Plaintiffs cannot legitimately claim that there are no creditors against the Estate until that date has passed.

Permitting Plaintiffs to proceed *pro se* on behalf of the Estate runs afoul of Alabama's

prohibition of the authorized practice of law.³ Consequently, Plaintiffs cannot proceed *pro se* on behalf of the Estate and their claims must be dismissed.

**B.     Gladys Franklin Individually**

Though this Court grants Plaintiffs' motion to amend the complaint, Gladys Franklin still has no standing to pursue her claims individually. At the core of the Article III cases and controversies requirement is the rule that standing is limited to those who allege they personally have suffered or imminently will suffer an injury. An injury sufficient to meet this requirement is "an invasion of a legally protected interest which is (a) concrete and particularized, ... and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (citations omitted). Moreover, as with all diversity cases, substantive law is governed by state law - in this case Alabama state law.

G. Franklin avers she brings this suit as a the co-owner of the insurance policy. *See* Doc. 12 at ¶ 43. She further reiterates this in her response to the motion to dismiss. *See* Doc. 32 at ¶ 3. The insurance policy at issue makes it clear that the "owner" is "the Insured unless otherwise specified in the application." *See* Doc. 16, Exhibit 2, Ex. B at p. 5. Both the

---

³       The Court will also not delve into its belief that N.C. Franklin is actually representing both Plaintiffs. Though G. Franklin has signed the pleadings, on at least one occasion N.C. Franklin submitted documents on behalf of both Plaintiffs without a signature by G. Franklin. *See* Doc. 9. Moreover, all communications to the Clerk's office have been made by N.C. Franklin wherein she communicates on behalf of both Plaintiffs. However, because the claims merit dismissal for the *pro se* status of both parties, it is unnecessary to pursue those suspicions.

application and the policy make it clear that the insured was Elnoria Franklin. *Id*. at p. 3-5, 10.[4] Next, G. Franklin cannot show that she was a beneficiary under the policy because the application clearly shows N.C. Franklin was named as the beneficiary. *Id*. Furthermore, N.C. Franklin filed a claim for benefits after Elnoria Franklin's death and reiterates in numerous pleadings before this Court that she is the sole beneficiary under the policy. Gladys Franklin has no legally protected interest nor cognizable injury. Thus, she has no standing and her claims merit dismissal.

**C.     Miscellaneous**

Based on the above analysis, all claims are due dismissal. As the claims merit dismissal for the stated reasons, the Court declines to address Defendants' other proffered reasons for dismissal. Further, because the claims are being dismissed for lack of representation and standing, the claims must be dismissed without prejudice. Further, the Court tenders notice to Plaintiffs that the privilege of filing claims in federal courts is not absolute. Moreover, *pro se* litigants are bound to honor Rule 11 of the Federal Rules of Civil Procedure, which provides in pertinent part at Rule 11(b):

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief,

---

[4] Defendants also bring up serious Rule 11 concerns. This Court is very familiar with both lawsuits brought by N.C. Franklin given that the undersigned was assigned on both cases. With this familiarity, the Court agrees that there are serious considerations as to the assertions that Gladys Franklin is co-owner of the policy when in the previous lawsuit, N.C. Franklin went to great lengths to show that she was not. However, the Court will not delve deeper into these concerns at this time.

formed after an inquiry reasonable under the circumstances:

 (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase in the cost of litigation;

 (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

 (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

 (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

A plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting "an inquiry reasonable under the circumstances" in order to inform his "knowledge, information, and belief" about the merits of the lawsuit. Rule 11(c)(4) provides:

> A sanction imposed under this rule shall be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

## IV. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1) Plaintiffs' *Motion to Amend Complaint* (Doc. 12) be **GRANTED**;

(2) *Defendant American National Insurance Company's Motion to Dismiss* (Doc.

13), *Defendant Peggy Chinn's Motion to Dismiss* (Doc. 15), *Defendant American National Insurance Company's Amended Motion to Dismiss* (Doc. 23), and *Defendant Peggy Chinn's Amended Motion to Dismiss* (Doc. 25) be **GRANTED**;

(3)   Plaintiffs' claims be **DISMISSED**;

(4)   Plaintiffs' *Motion to Strike Order* (Doc. 28) be **DENIED**; and

(5)   Any other outstanding motions be **DENIED as moot**.

**IT IS FURTHER ORDERED** that the parties file any objections to this *Recommendation* on or before **April 29, 2010.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 15th of April, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE